**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL S. ROTH, LAUREN F. ROTH AND MLH ROTH, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RAYMOND LEITZEL; CARS UNLIMITED; ROBERT THOMPSON AND RK SALES AND CONSULTANTS | |
| APPEAL OF: RAYMOND LEITZEL AND CARS UNLIMITED | No. 622 EDA 2018 |

Appeal from the Judgment Entered April 16, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at: March 2016 No. 16-2249

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                          **FILED APRIL 1, 2019**

Raymond Leitzel ("Leitzel") and Cars Unlimited (collectively referred to as "Appellants") appeal from the judgment entered on April 16, 2018 in the Court of Common Pleas of Philadelphia County in favor of Appellees, MLH Roth, Inc., Lauren Roth and Michael Roth, on Appellants' counterclaims. Appellants contend, *inter alia*, that the trial court erred in its reading of the term "Leitzel" as defined in their Answer and New Matter to Appellees' Second Amended Complaint, and erred in its failure to find that Appellees waived an affirmative defense. Following review, we vacate the judgment and remand for entry of judgment in favor of Appellants.

On June 27, 2016, Appellees filed a 15-count Second Amended Complaint ("complaint") alleging damages stemming from a March 2016 sale of five used cars.[1] Prior to that time, the trial court granted an emergency motion filed by Appellees. In its order, the court directed Appellees to post a $75,000 bond and ordered Appellants to turn over the titles to the five cars at issue within 21 days of posting of the bond. In accordance with that directive, Appellees posted the required bond and Appellants turned over the titles, all of which were in the name of Cars Unlimited.

Appellants filed preliminary objections to the complaint. The trial court sustained objections to three counts and ordered Appellants to file a responsive pleading to the surviving claims. Appellants filed their answer with new matter and counterclaims on September 6, 2016. In essence, in their counterclaims Appellants asserted that they owned the five cars in question and that Appellees sold the cars and retained the proceeds.[2] Appellees responded to the new matter and counterclaims on September 26, 2016, and

---

[1] Also named as defendants in the complaint were Robert Thompson ("Thompson") and RK Sales and Consultants ("RK Sales"). Neither entered an appearance or filed a responsive pleading and a default judgment was entered against them.

[2] At trial, Leitzel testified that he paid a total of $56,925 for the cars, which were later sold for $88,401. Leitzel "never received a penny." Notes of Testimony, Trial ("N.T."), 11/2/17, at 14, 19-20.

asserted new matter against Appellants. Appellants responded to the new matter on October 10, 2016, and the pleadings were closed at that time.

On May 12, 2017, Appellants filed a motion for summary judgment, which the trial court granted on June 30, 2017, dismissing all of Appellees' surviving counts. On July 31, 2017, the court denied Appellees' motion for reconsideration.[3]

On November 2, 2017, the court conducted a bench trial to consider Appellants' counterclaims and instructed counsel for the parties to submit proposed findings of fact and conclusions of law. By order entered January 2, 2018, the trial court found in favor of Appellees on "all six of Leitzel's counterclaims." Order, 1/2/18, at 1. In a footnote to that order, the court explained:

> Raymond Leitzel, in his individual capacity, filed six counterclaims for fraud, negligent misrepresentation, conversion, unjust enrichment, constructive trust, and accounting against [Appellees]. He seeks a monetary award reflecting the proceeds [Appellees] realized from selling five vehicles that Leitzel alleges he owned. However, this court finds Leitzel lacks standing to file suit against [Appellees] because he never personally owned the vehicles in question.
>
> Leitzel alleges he has been damaged in that he no longer owns the vehicles, nor does he have the proceeds of the sales. However, Leitzel failed to credibly prove he ever personally owned any of the vehicles. The title of each vehicle was in the name of Cars Unlimited, an entity separate from Leitzel. Therefore, Leitzel

---

[3] Appellees filed an appeal from the July 31, 2017 order. The appeal, docketed at No. 475 EDA 2018, was consolidated with the instant appeal but was subsequently dismissed at Appellees' request. *See* Order, 9/7/18.

was not personally injured by the vehicle sales and, as such, he lacks standing to sue [Appellees].

Trial Court Order, 1/2/18, at 1 n.1 (quotations, references to pleadings, and citations to notes of testimony omitted).[4]

Appellants filed a motion for post-trial relief seeking entry of judgment on the counterclaims and an award of compensatory damages in the amount of $88,401 plus interest at the legal rate of 6%. By order entered February 9, 2018, the trial court denied the motion and stated:

> All claims filed by [Appellees] were dismissed prior to trial. On November 2, 2017, this court held a bench trial on the counterclaims that had been filed by [Leitzel]. In his counterclaims, Leitzel sought reimbursement for cars that [Appellees] sold, which purportedly belonged to Leitzel. Following the trial, the parties submitted proposed findings of fact and conclusions of law, and on January 2, 2017, this court entered a finding in favor of [Appellees] and against Leitzel.
>
> During or around the time of trial, counsel for [Appellees] apparently realized, for the first time, that the subject cars were not owned by Leitzel and argued during closing arguments that Leitzel lacked standing to bring this lawsuit.
>
> In his post-trial motion, Leitzel argues that [Appellees] waived the right to argue "lack of standing" because "standing" is an affirmative defense, which [Appellees] failed to raise in the Answer to Leitzel's counterclaims. In their response to the post-trial motion, [Appellees] counter with a waiver argument of their own. They argue that Leitzel waived the right to file a post-trial motion regarding the issue of Leitzel's standing because Leitzel failed to object to the argument at the time [Appellees] raised it during trial.

_____

[4] We note that Appellees did not assert lack of standing to sue in preliminary objections or as an affirmative defense.

The resolution of this matter, however, is much less complex. The burden was on Leitzel to prove his claims by a preponderance of the evidence and he failed to present a legally decipherable claim. The pleadings in this matter were weak, and only sowed seeds of confusion that blossomed by the conclusion of trial.

Each of the counterclaims pled concluded with a wherefore clause stating, "Leitzel demands . . ."; however, Leitzel did not own the property that was the subject of this lawsuit and, therefore, did not have standing to "demand" any relief. Now, in this post-trial motion, Leitzel argues that the word "Leitzel" was used to refer to *both* Leitzel *and* Cars Unlimited—the entity that apparently did own the cars in question. If true, this court notes that such an unspecific pleading—and demand clause—is confusing for the court and parties, and is inadvisable, at best. Simply, it is not this court's role to weed through Leitzel's pleadings and arguments to uncover a comprehensible claim.

It was Leitzel's burden to prove his ownership of the subject property—and the remaining elements of his claims—by a preponderance of the evidence. He failed to meet that burden. Thus, Leitzel's motion for post-trial relief is denied.

Trial Court Order, 2/9/18, at 1-2 n.1 (emphasis in original).

Appellants filed a timely notice of appeal. The trial court did not order the filing of a Rule 1925(b) statement of errors complained of on appeal. The court issued an opinion on March 8, 2018 noting the entry of its January 2 and February 9, 2018 orders, setting forth the text of the footnotes to those orders, and requesting that this Court affirm its rulings.

Appellants ask us to consider four issues in this appeal:

1. Did the trial court err in failing to give the defined term "Leitzel" as used in the Answer, New Matter and Counterclaims, the meaning ascribed to it in the pleading to include both Raymond Leitzel and his business Cars Unlimited?

2. Did the trial court err in failing to consider that fact that [Appellees'] responsive pleading to the Answer, New Matter

and Counterclaim and entire conduct of trial evidence [Appellees'] admission that the defined term "Leitzel" did in fact include both Raymond Leitzel and his business Cars Unlimited?

3. Did the trial court err in failing to find that the cars for which payment was due were owned by "Leitzel?"

4. Did the trial court err in allowing a party to raise an affirmative defense for the first time at the end of closing arguments following a bench trial?

Appellant's Brief at 7.

As this Court recognized in *Fletcher-Harlee Corp. v. Szymanski*, 936 A.2d 87 (Pa. Super. 2007):

Because this appeal is from an order following a nonjury trial, the following general principles apply to our review:

[] Our review in a non-jury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial.

*Id.* at 92 (quoting *Hollock v. Erie Insurance Exchange*, 842 A.2d 409, 413-14 (Pa. Super. 2004) (citations omitted)). Further, "[t]he trial court's conclusions of law . . . are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts." *McShea v. City of Philadelphia*, 995 A.2d 334, 338 (Pa. 2010)

- 6 -

(quoting **Triffin v. Dillabough**, 552 Pa. 550, 716 A.2d 605, 607 (1998) (citations omitted)).

Appellants' first three issues allege variations on one theme, which can be paraphrased as follows: "Did the trial court err in rejecting Appellants' counterclaims based on the court's determination that the defined term 'Leitzel' did not included Cars Unlimited and, therefore, Leitzel lacked standing?" To answer that question, we look to the pleadings.

In its complaint, Appellees alleged that Leitzel was an adult individual residing in Philadelphia and that Cars Unlimited was a used car dealership with a principal place of business in Camden, New Jersey. Complaint at ¶¶ 5, 8. They averred that Leitzel did business with named defendant Thompson, or that Leitzel controlled named defendant RK Sales with Thompson, and that one or more of the defendants operated Cars Unlimited as well as RK Sales. *Id.* at ¶¶ 6, 7, 9. They further alleged that Cars Unlimited and all "remaining Defendants," *i.e.*, Leitzel, Thompson and RK Sales, were "mere alter egos of each other." *Id.* at ¶ 10. Again, Thompson and RK Sales were named as defendants in the complaint but did not file any response and had a default judgment entered against them. **See** Note 1. Further, Appellees alleged that the cars at issue were titled in the name of Cars Unlimited. *Id.* at ¶ 33, 48.

In response to the complaint, Appellants filed an answer with new matter and counterclaims. The pleading begins with the following preamble: "Defendants Raymond Leitzel and Cars Unlimited (**collectively referred to**

**as 'Leitzel' or 'Answering Defendants') . . . respond and aver** to [the complaint] as follows[.]" Answer, New Matter and Counterclaims at 1 (emphasis added).

In their answer, Appellants admitted Paragraphs 5 and 8, identifying Leitzel as an individual residing in Philadelphia and Cars Unlimited as a used car business in Camden. *Id.* at ¶¶ 5, 8.[5] In response to the allegations of Paragraphs 6, 7 and 9, Appellants denied any formal business relationship with Thompson, denied ownership or control of RK Sales, and denied that Thompson had any involvement in Cars Unlimited. *Id.* at ¶¶ 6, 7, 9. As to the allegations of Paragraph 10, averring that Cars Unlimited and all "remaining Defendants" were "mere alter egos of each other," Appellants denied the allegations and stated, "This allegation is a conclusion of law to which no response is necessary. Further, this allegation is vague and unclear

_____

[5] Ironically, Appellees complain that Appellants "do not state whether Cars Unlimited is an LLP, an LLC, or merely a fictitious name. In his Answer, Leitzel states that Cars Unlimited is a used car dealership with a principal place of business in Camden, N.J." Appellees' Brief at 11-12. In fact, it was Appellees who alleged in their complaint that "Cars Unlimited ('CU'), a used car dealership, maintains a principal place of business [in Camden, New Jersey]." Appellees' Complaint at ¶ 8. In response, Appellants simply responded, "Admitted." Appellants' Answer, New Matter and Counterclaims at ¶ 8. In essence, Appellees are complaining that Appellants directly answered their allegation as worded. At trial, Leitzel testified that he was the only owner of Cars Unlimited. N.T., 11/2/17, at 13. Later, the trial judge asked Leitzel if Cars Unlimited was a corporation. He responded, "No. I'm a solo man." N.T., 11/2/17, at 67. In follow up, counsel for Appellees asked, "Well, so you are Cars Unlimited and Cars Unlimited is you?" Leitzel answer, "Yes." *Id.* at 69.

as to what it means. Moreover, to the extent this allegation requires a factual response, Leitzel incorporates by reference his response to paragraph 6, 7 & 9." *Id.* at ¶ 10.

In response to Paragraphs 33 and 48, alleging that the titles to the cars in question were held in the name of Cars Unlimited, Appellants admitted those allegations. While admitting the titles were held in the name of Cars Unlimited, Appellants responded to other allegations of the complaint, indicating that the "vehicles were owned by Leitzel," and that "the vehicles were owned by Leitzel and were titled with Cars Unlimited as the owner." *Id.* at ¶¶ 34, 45 and 46.

Neither Appellants' new matter nor their counterclaims included a separate preamble. Rather, the new matter and counterclaims simply followed Appellants' responses to the allegations in Appellees' complaint. The lack of a separate preamble for the new matter and counterclaims is in keeping with the preamble to the pleading that indicated Appellants were both "responding" and "averring." In Paragraphs 1 through 159 of the pleading, they "responded" to the allegations of the complaint. Those responses were immediately followed by Paragraphs 1 through 61 in which they "averred" allegations in the nature of new matter and counterclaims.

In the counterclaims, Appellants alleged, *inter alia*, that the vehicles in question were owned by Leitzel and that Leitzel placed **his** vehicles on Appellees' lot for sale. Appellants' Counterclaim at ¶¶ 26 and 38 (emphasis

added). In response to Paragraph 38, Appellees "admitted only that **Leitzel** placed **his** vehicles on [Appellees'] lot for sale." Appellees' Answer to Counterclaim at ¶ 38 (emphasis added). Appellees asserted new matter with their answer to Appellants' counterclaims. Their notice to plead was directed to "Raymond Leitzel and Cars Unlimited" and in each allegation of new matter they referred to "Defendants," *i.e.*, both Leitzel **and** Cars Unlimited. *See* New Matter to Counterclaim at ¶¶ 64-70, 72-75, 77. In their prayer for relief, they requested that "Defendants' Counterclaims" be dismissed. *Id.* at 11.

While we do not take issue with the trial court's characterization of Appellants' pleadings as "weak," we cannot ignore the fact that Appellants included language in the preamble to their pleading indicating they would sometimes be referred to collectively as "Leitzel" in their answer, new matter and counterclaim. Therefore, while acknowledging the cars were titled to Cars Unlimited, Appellants also indicated that "Leitzel" owned the cars. The logical reading of the term "Leitzel" in those instances is the collective reference to Leitzel and Cars Unlimited as "Leitzel," as specifically defined in the preamble to their pleading. To suggest that Appellants contended Leitzel personally owned the cars after admitting the vehicles were titled in the name of Cars Unlimited simply does not make sense. Even though they referred solely to "Leitzel" throughout their counterclaims, including in the prayers for relief, Appellants specifically indicated that they would be referred to collectively in their pleading as "Leitzel." In addition, in responding to the new matter and

counterclaims, Appellees indicated they were "respond[ing] to the New Matter and Counterclaims of Defendants Raymond Leitzel **and** Cars Unlimited[.]" *See* Answer to the New Matter and Counterclaims of Defendants Raymond Leitzel and Cars Unlimited at 1 (emphasis added). Further, in their prayers for relief for each of Appellants' counterclaims, Appellees "demand[ed] that **Defendants'** Counterclaim be dismissed with prejudice and the relief sought denied[.]" *Id.* at 6-10 (emphasis added). Again, in their new matter, they asserted claims against Appellants and requested that "**Defendants'** Counterclaim" be dismissed. *Id.* (emphasis added). Finally, as noted above, in their notice to plead relating to their new matter to Appellants' counterclaims, Appellees directed the notice to "Raymond Leitzel **and** Cars Unlimited." *See* Notice to Plead, 9/26/16 (emphasis added).

While the pleadings may not be a model of clarity, we do not have to "weed through Leitzel's pleadings and arguments to uncover a comprehensible claim," as the trial court suggested. Trial Court Order, 2/8/18, at 1 n.1. Because "Leitzel" is defined as Leitzel and Cars Unlimited collectively, we conclude the trial court erred by determining that "Leitzel" filed the counterclaims in his "individual capacity," and that "Leitzel failed to credibly prove he ever personally owned any of the vehicles." Trial Court Order,

1/2/18, at 1 n. 1. As Leitzel explained at trial, he is Cars Unlimited and Cars Unlimited is he. N.T., 11/2/17, at 69.[6]

The trial court denied relief to Appellants on their counterclaims based on the pleadings and the court's determination that Leitzel lacked standing to assert counterclaims because he was not the owner of record of the cars. Trial Court Order, 1/2/18, at 1 n.1; Trial Court Order, 2/9/18, at 1 n.1.[7] Because he was not the owner, the court concluded, Leitzel did not personally suffer any damages from the sale of the cars. We find the trial court erred in reaching those conclusions. First, as explained in detail above, the court's

_____

[6] It is not lost on this Court that neither Appellees nor the trial court even suggested there was an issue about whether the counterclaims were brought by Leitzel individually, rather than Appellants collectively, until the trial court raised the subject at the end of closing arguments. *See* N.T., 11/2/17, at 163-64. As evidence of the fact Appellees considered the counterclaims to be asserted on behalf of both Appellants, we point to the Appellees' assertion that Cars Unlimited had "no right to be here on the counterclaims." *Id.* at 56. That assertion was not based on a contention that the counterclaims were brought by Leitzel individually. Rather, that assertion was based on Appellees' contention that Cars Unlimited lacked a certificate of authority to conduct business in Pennsylvania and, therefore, was unable to maintain any action in any court in the Commonwealth. *Id.* (Counsel for Appellees acknowledged that the idea of this defense first occurred to him while prepping for trial the night before it began. *Id.* at 57.) Cars Unlimited obtained a certificate of authority during the course of the lawsuit, resolving any issue of its standing to assert counterclaims. *See Drake Mfg. Co., Inc. v. Polyflow, Inc.*, 109 A.3d 250, 260 (Pa. Super. 2015) (citing *International Investors, Inc., East v. Berger*, 363 A.2d 1262, 1264 (Pa. Super. 1976)).

[7] The trial court's Rule 1925(a) opinion merely incorporated the January 2 and February 9, 2018 orders and did not offer any additional bases for denying Appellants' counterclaims.

conclusions were based on its erroneous determination that the counterclaims were asserted by Leitzel only when, in fact, they were asserted on behalf of "Leitzel," which, by definition, was Leitzel AND Cars Unlimited, owner of the vehicles. Second, the uncontradicted evidence at trial established that the vehicles were owned by Cars Unlimited, that the vehicles were sold by Appellees, and that Appellees did not deliver any proceeds of the sales to Appellants. *See* N.T., 11/2/17, at 13-15, 35, 38, 63-64, 78-79, 87-88, 113-14, 120-21. Further, counsel for Appellees stipulated that the vehicles were sold for $88,401. *Id.* at 84-85.[8] Therefore, we vacate the trial court's order and remand for entry of judgment in favor of Appellants in the amount of $88,401 plus statutory interest at the rate of 6%.[9]

_____

[8] We recognize Appellees claimed that some expenses should be deducted from the amount claimed by Appellants. However, as the trial court observed, Appellees merely testified to the existence of expenses and failed to present any credible testimony or evidence to support an adjustment of damages to account for expenses. *See* N.T., 11/2/17, at 161-63. We further note the admission of Appellee Lauren Roth that "[s]omething should be paid [to Appellants]," N.T., 11/2/17, at 88, although she suggested that Appellee "MLH Roth should pay for the cars." *Id.* In addition, Appellee Michael Roth did not dispute owing money but rather stated, "The reason I did not pay [Leitzel] was because [] the figures did not add up." *Id.* at 114. However, Appellees did not offer evidence supporting a number other than that demanded by Appellants.

[9] To the extent Appellees suggest any claimed damages are attributable to Appellant Thompson, against whom a default judgment was entered in favor of Appellees (*see* Note 1), the record reflects that any such damages would be the subject of a separate hearing. N.T., 11/2/17, at 95-96.

In light of our disposition of Appellants' first three issues collectively, we need not consider Appellants' final issue, *i.e.*, whether Appellees' failure to raise the issue of standing resulted in waiver of that affirmative defense in accordance with Pa.R.C.P. 1030. We note that capacity to sue is specifically listed among bases for preliminary objections in Pa.R.C.P. 1028(a)(5), although it is not specifically listed among affirmative defenses in Pa.R.C.P. 1030. However, this Court and our Supreme Court have held that the issue of capacity to sue is waived unless raised specifically by way of preliminary objections or in an answer to the complaint. **See Drake**, 109 A.3d at 257-58 and cases cited therein. **See also** Pa.R.C.P 1032(a) ("A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply," with the exception of certain enumerated defenses not applicable here.).

Order vacated. Case remanded for entry of judgment in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/19

- 14 -